GREENBERG TRAURIG, LLP
James W. Perkins (JWP 6684)
MetLife Building, 200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Petitioner ML Private Finance LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ML PRIVATE FINANCE LLC

                Petitioner,

    - against -

CHRISTIE'S INC. and PAUL KASMIN GALLERY
INC.,

                Respondents.
-------------------------------------------------------------x

10 cv MISC. 2503

**PETITION FOR TURNOVER OF ASSETS PURSUANT TO FRCP 69(a) AND CPLR §§ 5225(b) AND 5228**

Petitioner ML Private Finance LLC ("Petitioner"), by its attorneys, Greenberg Traurig, LLP, for its petition against Respondents Christie's Inc. and Paul Kasmin Gallery Inc. ("Respondents") respectfully alleges as follows:

### NATURE OF THE PROCEEDING

1. This is a proceeding pursuant to Rule 69(a) of the Federal Rules of Civil Procedure ("FRCP") and, as applied through Rule 69, Sections 5225(b) and 5228 of the New York Civil Practice Law and Rules ("CPLR"), by Petitioner, who is a judgment creditor of Halsey McLean Minor and The Halsey McLean Minor Revocable Trust dated November 3, 2004 ("Judgment Debtors"), to obtain the Court-ordered turnover of property owned by Judgment Debtors and in Respondents' possession. The United States Marshal has duly levied a writ of execution upon such property.

2. Petitioner now seeks an order compelling Respondents, as garnishees, to turnover Judgment Debtors' property in their possession to the Marshal, or appointed receiver, for sale, in order to satisfy Petitioner's judgment against Judgment Debtors. The property at issue is fine art and furniture, which requires the expertise of an auction house, such as Christie's, Inc., in order to handle and sell the property and maximize value when selling it. Petitioner is separately moving by order to show cause for an appointment of a receiver over such property in that certain action captioned *ML Private Finance LLC v. Halsey McLean Minor and Halsey McLean Minor Revocable Trust Dated November 3, 2004, and Does 1 through 50*, (S.D.N.Y.), No.: 08 CV 11187 (SHS) (the "Judgment Action").

3. Petitioner is informed that the value of the subject property will be maximized if it is sold at the contemporary art auction, which only occurs once a year, each May. Accordingly, Petitioner respectfully seeks an expeditious determination of this application in order that the property is available for sale for the May 2010 auction.

## THE PARTIES

4. Petitioner, ML Private Finance LLC is a Delaware corporation with its principal place of business located at 2 World Finance Center, New York, New York 10281. The sole member of ML Private Finance LLC is Bank of America, National Association ("BANA"). BANA is a national bank. Its principal place of business and main office for national banking purposes is 101 S. Tryon St., Charlotte, North Carolina 28280.

5. Upon information and belief, Respondent Christie's Inc. ("Christie's") is a corporation formed under the laws of New York, with a place of business located at 20 Rockefeller Plaza, New York, New York, 10020.

6. Upon information and belief, Respondent Paul Kasmin Gallery Inc. ("Kasmin") is a corporation formed under the laws of New York, with a place of business located at 293 Tenth Avenue, New York, New York 10001.

7. Upon information and belief, non-parties Halsey Minor and Halsey McLean Minor Revocable Trust dated November 3, 2004, the Judgment Debtors, reside in Los Angeles, California and/or Charlottesville Virginia; they are defendants in the Judgment Action.

## BACKGROUND

8. This proceeding is ancillary to the money judgment Petitioner obtained against Judgment Debtors in the Judgment Action. Petitioner loaned Judgment Debtors over $25 million under a loan and security agreement and Judgment Debtors failed to pay most of the funds borrowed by the maturity date, as provided under the loan agreement and related promissory note.

9. After Judgment Debtors' default, Petitioner sued Judgment Debtors on, among other counts, breach of the loan agreement and note. The Court granted Petitioner summary judgment on its claim for breach of the loan agreement and note, and on its separate count for costs of collection.

10. On October 23, 2009, the Clerk of the Southern District of New York ("Clerk of the Court") entered a money judgment pursuant to Fed. R. Civ. P. 54(b) against Judgment Debtors in the amount of $21,502,907.60 in principal and $124,044.74 in pre-judgment interest for a total amount of $21,626,952.34 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit A**.

11. The Judgment remains uncollected, in substantial part.

12. On January 5, 2010, Petitioner caused to be served on Kasmin a restraining notice preventing Kasmin from transferring any of Judgment Debtors' property in its possession, including, but not limited to, the painting, *Loss of the Lisbon Rhinoceros*, 2008 by Walton Ford,

absent court order. A true and correct copy of the restraining notice, together with proof of service is attached hereto as **Exhibit B**.

13.    On January 5, 2010, Petitioner caused to be served on Mr. Minor a notice to judgment debtor, a true and correct copy of which, together with proof of service, is attached hereto as **Exhibit C**.

14.    On February 3, 2010, the Clerk of the Court issued a Writ of Execution (the "Writ") regarding property owned by Judgment Debtors. A true and correct copy of the Writ is attached hereto as **Exhibit D**.

15.    On March 18, 2010, the United States Marshal levied the Writ upon Kasmin. A true and correct copy of the Marshal's return, showing proof of levy, is annexed hereto as **Exhibit E**.

16.    On March 18 and 19, 2010, notice of the levy of execution on Kasmin was duly mailed by first class mail to Mr. Minor at his residences. A true and correct copy of the notice, together with proof of service is attached hereto as **Exhibit F**.

17.    On or about March 18, 2010, the United States Marshal levied the Writ upon Christie's. A true and correct copy of the Marshal's return is annexed hereto as **Exhibit G**.

18.    On March 18, 2010, notice of the levy of execution was duly mailed to Mr. Minor at his residences. A true and correct copy of the notice, together with proof of service, is attached hereto as **Exhibit H**.

19.    Upon information and belief, Christie's possesses approximately 115 works of art and pieces of furniture that are owned by Judgment Debtors (such pieces of art, furniture and the Ford work that is in the possession of Kasmin are collectively referred to as the "Art").

20.    Petitioner also has a senior secured lien in the Art, Judgment Debtors having granted such lien under the loan agreement, as amended. A true and correct copy of the loan agreement,

together with the amendment thereto, dated August 28, 2008, are respectively attached hereto as **Exhibits I and J**.

21. Petitioner perfected such security interests by filing UCC-1 statements with the Secretary of State of California.

22. In addition to its perfected security interest in the Art, upon information and belief, the levy of the Writ on Christie's and Kasmin created a lien in favor of Petitioner that is superior to the lien of any judgment or other creditor of Judgment Debtors.

23. Not more than 90 days have elapsed between the levy of the Writ upon Respondents and the commencement of this proceeding.

24. To date, Respondents have not released Judgment Debtors' property in their possession to Petitioner.

25. The principal amount of the Judgment remains unsatisfied to the extent of approximately $21,330,000.00.

26. Any failure to turnover Judgment Debtors' property possessed by Respondents in response to the notices of levy is in contravention of CPLR § 5225(b).

27. Petitioner has not previously sought the relief requested herein from this or any other court.

## CAUSE OF ACTION

### (Turnover of Property Pursuant to CPLR §§ 5225(b) and 5228)

28. Petitioner repeats and re-alleges each and every allegation contained in Paragraphs 1 to 27 as if fully set forth herein.

29. Pursuant to CPLR 5225(b), "a person who is in possession or custody of money or other personal property in which the judgment debtor has an interest" shall be required "to deliver

any other personal property, or so much as it as is of sufficient value to satisfy the judgment, to a designated sheriff."

30. Respondents Christie's and Kasmin are in possession of property owned by Judgment Debtors.

31. Petitioner has caused the United States Marshal to duly levy on Judgment Debtors' property now in possession of Christie's and Kasmin.

32. Pursuant to CPLR 5225(b) and 5228, Petitioner is entitled to an order requiring Respondents Kasmin and Christie's to turn over to the Marshal, or an appointed receiver, all property belonging to Judgment Debtors, including but, not limited to, the Art.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner prays that the Court issue an order, in the form attached hereto as Exhibit K, (1) pursuant to CPLR §§ 5225(b) and 5228, directing Respondents Paul Kasmin Gallery Inc. and Christie's Inc. to turn over to the Marshal, or designated receiver, all of Judgment Debtors' property in their possession for liquidation, in order to satisfy the Judgment, in whole or in part, (2) awarding Petitioner the fees and costs of this proceeding, and (3) awarding Petitioner such other and further relief as this Court deems to be just.

Dated: New York, New York
March 19, 2010

GREENBERG TRAURIG, LLP

By: _____
James W. Perkins (JWP-6684)
Kevin P. Potere (KPP-7711)
The MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
*Attorneys for Petitioner*